**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| GREGORY PRITCHETT<br>301 Juneberry Way<br>Apt. 1A<br>Glen Burnie, MD 21061<br><br>        Plaintiff,<br><br>v.<br><br>OMNI HOUSE, INC.,<br>1421 Madison Park Dr.<br>Glen Burnie, MD 21061<br><br>    **Serve:**<br>    Lois E. Miller<br>    1421 Madison Park Dr.<br>    Glen Burnie, MD 21061<br><br>OMNI HOUSE FOUNDATION, INC.<br>1421 Madison Park Dr.<br>Glen Burnie, MD 21061<br><br>    **Serve:**<br>    Charles Schwenz<br>    6117 Jerrys Dr.<br>    Columbia, MD 21044<br><br>        Defendants. | Case No.: |

## COMPLAINT

*COMES NOW* Plaintiff Gregory Pritchett, and for his cause of action states:

## PARTIES

1. Plaintiff is an adult resident of the State of Maryland, living in an Omni House care facility.

2. Defendant Omni House, Inc. is a corporation with it principal place of business in Maryland and doing business in Maryland.

1

3. Defendant Omni House Foundation, Inc. is a corporation with its principal place of business in Maryland and doing business in Maryland.

4. Defendants may collectively be referred to as "Omni House."

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over each Defendant as each Defendants' principal place of business is in and Defendants operate in the District of Maryland.

7. Venue lies in the United States District Court for the District of Maryland as the cause of action arose in the District of Maryland.

## FACTUAL BACKGROUND

8. Omni House owns and operates a facility which provides both residential services and mental health care to mentally disabled individuals.

9. Plaintiff is mentally disabled due to a diagnosis of schizoaffective disorder, a chronic mental health condition which substantially limits his major life activities including his ability to care for himself mentally and physically, his ability to obtain employment, and his ability to obtain housing.

10. Plaintiff receives federal disability benefits from the Social Security Administration on a monthly basis due to his mental disability.

11. In June 2018, Plaintiff moved into an apartment at the Omni House care facility located at 301 Juneberry Way, Apt. 1A, Glen Burnie, MD 21061 (hereinafter "the Unit"), which is owned and operated by Defendants.

12. Plaintiff entered into a lease agreement with Defendants in which he agreed to pay monthly rent in exchange for a safe and habitable living domicile at the Unit within the Omni House healthcare living facility.

13. Specifically, Defendants receive Plaintiff's social security benefits, a portion of which covers his rent, the remainder of which is used to cover mental health care that Defendants provide.

14. Almost immediately upon taking possession of the Unit, Plaintiff discovered safety defects in the Unit, including extensive mold growth within the Unit.

15. Since this discovery, Plaintiff has made several complaints regarding the presence of mold in the Unit.

16. Defendants first response was to tell Plaintiff to clean up the mold himself.

17. Upon further complaints made by Plaintiff, Defendants entered into the Unit and painted over mold in an attempt to conceal the problem rather than remediate it.

18. Plaintiff is vulnerable to manipulation due to his mental impairment.

19. Plaintiff is ill-equipped and hesitant to thwart discrimination due to his mental impairment.

20. Despite Defendants' actual and/or constructive knowledge of the defective conditions within the Unit, Defendant has refused to fix the defects, which has led to ongoing insult and exposure to Plaintiff.

## AMERICAN WITH DISABILITIES ACT VIOLATION
### Count I

21. Each of the preceding paragraphs is incorporated by reference herein.

22. Plaintiff is disabled as defined by the Americans with Disabilities Act ("ADA") for the following reasons:

    a. Plaintiff is mentally impaired in such a way that limits one or more of his major life activities including his ability to care for himself, obtain employment, obtain housing and otherwise is disabled;

    b. Plaintiff is on record as having such an impairment; and

    c. Plaintiff is regarded as having such an impairment.

23. Defendants in their individual and collective capacity as property owner and/or landlord and/or property manager of the Unit are private entities providing a public accommodation as defined by the Americans with Disabilities Act.

24. Defendants provide a public accommodation because they are:

    a. A professional office of a health care provider or other healthcare service establishment, and also

    b. A social service center establishment.

25. Defendants intentionally and willfully failed to provide Plaintiff with this accommodation.

26. Defendants operate a mental health facility and housing facility for the mentally disabled in such a way that affects commerce.

27. Defendants in their individual and collective capacity as property owner and/or landlord and/or property manager of the Unit failed to use reasonable and ordinary care to keep the premises safe and to protect Plaintiff from injury because of Plaintiff's disability.

28. Defendants failed to maintain the Unit in a safe manner and to protect Plaintiff from injury because Plaintiff is mentally disabled and is therefore ill-equipped and hesitant to complain about his living conditions and treatment.

29. **WHEREFORE**, Plaintiff demands injunctive relief in the form of Defendants completely remediating the mold in his Unit, plus attorneys' fees costs.

## REHABILITATION ACT VIOLATION
### Count II

30. Each of the preceding paragraphs is incorporated by reference herein.

31. Defendants receive federal financial assistance to administer its mental health program including from Medicare and/or the Social Security Administration's disability program.

32. Plaintiff is denied the benefits of said program as a direct and proximate cause of Defendants' failure to maintain its property in a safe manner and to protect Plaintiff from injury.

33. Defendants failed to maintain its property in a safe manner and protect Plaintiff from injury because Plaintiff is mentally disabled and therefore ill-equipped and hesitant to complain about his living conditions and treatment.

34. Defendants' failure to maintain its property in a safe manner and to protect Plaintiff amounts to reckless indifference to Plaintiff's rights.

35. Defendants maliciously failed to maintain its property in a safe manner and to protect Plaintiff.

36. But for Defendants' discrimination, Plaintiff is a handicapped person otherwise qualified to receive the benefits of said program.

37. As a proximate and direct result of Defendants' failures and discrimination, Plaintiff has sustained damages including property damage, moving costs, non-economic damages and other economic loss.

38. **WHEREFORE**, Plaintiff requests all damages allowable by law against Defendants, including damages in an amount to be determined at trial and that exceeds Two-hundred and Fifty Thousand Dollars ($250,000.00), plus costs and interest.

Dated: November 15, 2018

Respectfully submitted,

NIDEL & NACE, PLLC

/s/ Jonathan B. Nace
Jonathan B. Nace, Esq., Bar No. 18246
5335 Wisconsin Ave., NW
Suite 440
Washington, DC 20015
202-478-9677
jon@nidellaw.com

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure, Plaintiff demands a jury trial on all triable issues.

/s/ Jonathan B. Nace
Jonathan B. Nace, Esq., Bar No. 18246