UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

January 31, 2020

MEMORANDUM TO COUNSEL RE:   Gregory Pritchett v. Omni House, Inc.
Civil Action No. GLR-18-3531

Dear Counsel:

Pending before the Court is Defendant Omni House, Inc.'s ("Omni") Motion to Dismiss Amended Complaint. (ECF No. 20). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

Plaintiff Gregory Pritchett suffers from schizoaffective disorder.[1] (Am. Compl. ¶ 9). He receives a monthly disability payment from the Social Security Administration because of his condition. (Id. ¶ 10). In June 2018, Pritchett moved into an apartment at the Omni House, a facility that provides residential services and mental health care to disabled residents. (Id. ¶¶ 8, 11). Pritchett uses his social security payments to cover his rent and Omni's mental health services. (Id. ¶ 13). When Pritchett moved into his apartment, he discovered water damage and noticed that the humidity level was unusually high. (Id. ¶ 14). Despite Pritchett's complaints, Omni failed to remediate the issues, first instructing Pritchett to make the repairs himself and then painting over signs of water damage. (Id. ¶¶ 15–17).

Pritchett sued Omni House, Inc. and Omni House Foundation, Inc.[2] on November 15, 2018, alleging violation of the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. § 12132 et seq. (2018) (Count I) and the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. (2018) (Count II). (ECF No. 1). Pritchett filed an Amended Complaint on March 18, 2019.[3] (ECF No. 12). On May 13, 2019, Omni filed a Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction. (ECF No. 20). Pritchett filed an Opposition on May 28, 2019. (ECF No. 21). To date, Omni has not filed a Reply.

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. A defendant challenging a complaint under Rule 12(b)(1) may advance a

---

[1] Unless otherwise noted, the Court takes the following facts from Pritchett's Amended Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

[2] On April 18, 2019, Pritchett filed a Notice of Voluntary Dismissal Without Prejudice, dismissing Omni House Foundation, Inc. as a Defendant. (ECF No. 17).

[3] The Amended Complaint removed allegations that mold was growing in Pritchett's apartment.

"facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject matter jurisdiction.

With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject matter jurisdiction by a preponderance of the evidence. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether the plaintiff has met this burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams, 697 F.2d at 1219). Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987)). The movant "should prevail only if the material jurisdictional facts are not in dispute and the [movant] is entitled to prevail as a matter of law." Id. (citing Trentacosta, 813 F.2d at 1558). Unlike under the summary judgment standard, however, the Court is permitted to decide disputed issues of fact, Kerns, 585 F.3d at 192, and weigh the evidence, Adams, 697 F.2d at 1219.

Omni contends that although Pritchett has asserted claims under the ADA and the Rehabilitation Act, Pritchett has failed to establish federal jurisdiction under 28 U.S.C. § 1331 because his claim is, in actuality, a state law claim for breach of a lease agreement and violation of Md. Code Ann., Real Property § 8-211(a).[4] In his Opposition, Pritchett asserts that he has established subject matter jurisdiction by asserting violation of two federal statutes; that his federal claims are not preempted by unasserted, state law claims; and that Omni's Motion conflates

---

[4] The stated purpose of the Md. Code Ann., Real Prop. § 8-211(a) is:

to provide tenants with a mechanism for encouraging the repair of serious and dangerous defects which exist within or as part of any residential dwelling unit, or upon the property used in common of which the dwelling unit forms a part. The defects sought to be reached by this section are those which present a substantial and serious threat of danger to the life, health and safety of the occupants of the dwelling unit, and not those which merely impair the aesthetic value of the premises, or which are, in those locations governed by such codes, housing code violations of a nondangerous nature.

caselaw interpreting the applicability of § 1331 to state law claims that only tangentially invoke federal statutes. The Court agrees with Omni.[5]

When a defendant challenges federal question jurisdiction under § 1331, courts "apply the 'well-pleaded complaint rule,' under which courts 'look no farther than the plaintiff's complaint' to ascertain 'whether the lawsuit raises issues of federal law.'" Croslin v. Hackman, 2010 WL 3419513, at *2 (D.Md. Aug. 27, 2010) (quoting Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996)). A complaint raises a federal issue when "'federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Id. (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27–28 (1983)).

Here, Pritchett asserts that Omni has violated the ADA and the Rehabilitation Act. However, the Amended Complaint alleges facts concerning breach of a lease agreement. The crux of Pritchett's claim is that the safety and habitability of his apartment have been compromised because of Omni's failure to remediate water damage. Pritchett's claim does not stem from federal law but is grounded in a state law claim for breach of a lease agreement. Moreover, Pritchett's right to relief does not depend upon resolution of federal law. To the contrary, Pritchett's requested relief has nothing to do with an alleged violation of the ADA or the Rehabilitation Act. He seeks injunctive relief, compelling Omni to remediate the water damage and elevated humidity levels in his apartment.

This Court has rejected similar attempts to establish jurisdiction under § 1331 when a complaint referenced federal or constitutional claims but was, in actuality, based on state law claims. In Woods v. Lake Drive Nursing Home, Inc., Lake Drive employees physically restrained Robert Woods and left him unsupervised. 503 F.Supp. 183, 184 (D.Md. 1980). When a fire erupted, Woods was fatally injured. Id. The executor of Woods' estate sued the nursing home, alleging violation of the Fifth, Eighth, and Fourteenth Amendments. Id. at 185. The Court granted the nursing home's motion to dismiss, concluding that "the specific factual allegations of the amended complaint reveal that the plaintiffs' claim is actually no more than a standard malpractice claim grounded in state tort law." Id. The Court further concluded that "plaintiffs have done no more than make conclusory allegations regarding the deprivation of federal substantive rights." Id. Accordingly, the Court lacked jurisdiction to hear the case.

This Court's decision in Woods compels dismissal in this case. Pritchett's Amended Complaint asserts a state law claim for breach of a lease agreement and consists of conclusory discrimination allegations—i.e., "Defendants . . . failed to use reasonable and ordinary care to keep the premises safe and to protect Plaintiff from injury because of Plaintiff's disability." (Am. Compl. ¶ 27). Pritchett's ADA and Rehabilitation Act claims are completely detached from, and unsupported by, the facts alleged in the Amended Complaint. Accordingly, the Amended Complaint must be dismissed for lack of subject matter jurisdiction.

---

[5] Omni also argues that it does not provide a "public accommodation" within the meaning of the ADA. Pritchett disagrees, contending that Omni operates a "public accommodation" because Omni runs mental health facilities. Because the Court concludes that the Amended Complaint must be dismissed for lack of subject matter jurisdiction, the Court need not resolve this issue.

3

For the foregoing reasons, Omni's Motion to Dismiss Amended Complaint (ECF No. 20) is GRANTED and Pritchett's Amended Complaint (ECF No. 12) is DISMISSED.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and CLOSE the case.

Very truly yours,

___/s/___
George L. Russell, III
United States District Judge